# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JERMAINE ANTWAN TART, )
)
    Plaintiff, )
)
v. ) 1:18CV598
)
MATTHEW THEODORE JOHNS, )
et al., )
)
    Defendants. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jermaine Antwan Tart, a pro se prisoner, alleges numerous constitutional violations and brings this *pro se* action against several Defendants pursuant to 42 U.S.C. § 1983. (*See generally* Am. Complaint, Docket Entry 18.) Several motions are before the Court. Defendants Donald J. Pendolino, Cpl. Ferguson, and Officer Cappolla have filed a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) (Docket Entry 52), to which Plaintiff has responded (Docket Entry 69). Plaintiff has filed a motion for an injunction and action for replevin, pursuant to Federal Rule of Civil Procedure 64 (Docket Entry 63), to which Defendants Pendolino, Ferguson, and Cappolla have responded (Docket Entry 64). Defendants Nurse Swallie and Dr. Rhoades have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m). (Docket Entry 77.) Plaintiff has filed a "Cross Motion for Summary Judgment." (Docket Entry 81).[1] Lastly, Plaintiff has filed a motion to

---

[1] As discussed below, the Court will treat Plaintiff's "Cross Motion for Summary Judgment" (Docket Entry 81) as an opposition brief to Defendants' Motion for Judgment on the Pleadings (Docket Entry 52).

1

compel service on Defendant Matthew Theodore Johns (Docket Entry 85), to which Defendants Pendolino, Ferguson, and Cappolla have responded (Docket Entry 87).

## I. BACKGROUND

Plaintiff filed this action against several Defendants alleging numerous constitutional violations, including First, Fourth, Fifth, Eighth, and Fourteenth Amendment violations. (*See generally* Am. Complaint, Docket Entry 18.) In his Amended Complaint, Plaintiff named Matthew Theodore Johns, Sgt. Eaton, Officer Smith, Officer Hickman, [Officer] Cappolla, Cpl. Ferguson, Donald J. Pendolino, Dr. Rhoades, and Nurse Swallie[2] [sic] as Defendants. (*Id.* ¶ I.B.) Plaintiff asserts that he was subjected to: (1) 24-hour lockdown on March 6, 2014; (2) excessive force during an altercation with "six or more [prison] officers" on June 12 or 13, 2014; and (3) was denied medical treatment for a sexually transmitted disease that he had contracted before he was arrested. (*Id.* ¶ IV.) Plaintiff also alleges that a package from the United States Treasury was stolen from him. (*Id.*) Plaintiff states that he was severely injured from the excessive force used upon him and has contracted incurable infections as a result of not receiving medical treatment. (*Id.* ¶ V.) Plaintiff seeks compensatory and punitive damages, appointment of counsel, and an injunction to prevent him from being held at the Forsyth County Detention Center ("FCDC"). (*Id.* ¶ VI.)

The record reflects that four of the named Defendants, Pendolino, Ferguson, Cappolla, and Eaton, have been served[3] and have filed an Answer. (Docket Entries 22, 26, 27, 65, 74,

---

[2] Plaintiff incorrectly spelled Defendant Nurse Swallie's name as "Nurse Swallis." (Docket Entry 18 ¶ I.B.)
[3] The record reflects that Defendants Dr. Rhoades and Nurse Swallie were served as the docket reflects that service was executed in April 2019. (Docket Entry 70.) However, Dr. Rhoades and Nurse Swallie have not filed an Answer to Plaintiff's Amended Complaint. As discussed below, Dr. Rhoades and

2

Case 1:18-cv-00598-LCB-JLW   Document 91   Filed 11/06/19   Page 2 of 18

75.) Initial summonses were returned unexecuted as to Defendants Eaton, Smith, Johns, Officer Hickman, Dr. Rhoades, and Nurse Swallie. (Docket Entries 20, 29.) However, after several Defendants had been served, discovery commenced in this case on October 3, 2018. (Docket Entry 30.)

In March 2019, after Plaintiff's numerous requests regarding service, the Court temporarily stayed discovery. (Docket Entry 56.) Additionally, the Court granted Plaintiff's Motions to Compel Service to issue summonses for service upon Defendants Dr. Rhoades and Nurse Swallie, ordered the U.S. Marshal to attempt to serve summonses and the Amended Complaint upon Defendants Matthew Theodore Johns and Officer Hickman, ordered the Clerk to provide Plaintiff with a blank summons for Defendant Officer Smith, and ordered the Forsyth County Attorney's Office to make a good faith effort to obtain the last known address of Defendant Sgt. Eaton. (*Id.* at 5-6.)

Summonses were reissued in accordance with the Court's order. (Docket Entry 58). Summonses were subsequently returned unexecuted as to Matthew Theodore Johns and Officer Hickman. (Docket Entry 60.) Summonses were returned executed as to Dr. Rhoades and Nurse Swallie. (Docket Entries 66, 70.) Summonses were reissued as to Sgt. Eaton (Docket Entry 62) and returned executed (Docket Entry 65). Summonses were subsequently reissued as to Officer Smith (Docket Entry 68) but returned unexecuted (Docket Entry 71).

---

Nurse Swallie has filed a Motion to Dismiss for failure to serve in a timely manner, pursuant to Rule 4(m).

## II.  DISCUSSION

### A. Rule 12(c) Motion for Judgment on the Pleadings

Defendants Pendolino, Ferguson, and Cappolla seek dismissal of Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(c).  (Docket Entry 52.)  Rule 12(c) provides that "[a]fter the pleadings are closed . . . any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in the non-movant's favor.  *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002).  Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law.  *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012).  Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a Rule 12(b)(6) motion to dismiss, federal courts apply the same standard in considering both motions.  *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009); *Burbach*, 278 F.3d at 405-06; *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  *Edwards*, 178 F.3d at 243.  A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct."  *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a

4

Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face") (emphasis in original) (internal citation and quotation marks omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

## Official Capacity Claims

Here, Plaintiff has sued Defendants Pendolino, Ferguson, and Cappolla in both their official capacity and individual capacity. (Docket Entry 18 at 2-3.) Regarding Plaintiff's claims against them in their official capacity, Defendants Pendolino, Ferguson, and Cappolla[4] argue that "Plaintiff has not stated a viable claim against these three Defendants in their official capacity." (Docket Entry 55 at 4.) Specifically, Defendants contend that Plaintiff, in his Amended Complaint,

> alleges injury from many defendants['] actions, but does not assert that any of these three named Defendants acted pursuant to any official policy or custom of the [FCDC]. Nor does the Complaint allege these three Defendants possessed "final

---

[4] Defendants Pendolino, Ferguson, and Cappolla were served with process. (Docket Entry 22.) Defendants timely filed their answers to the amended complaint. (Docket Entries 26, 27.)

5

> authority" over any such policy that contributed to his alleged injury.

(*Id.* at 3-4 (internal citations omitted).)

To the extent Plaintiff asserts claims against the three officers in their official capacities, the FCDC is effectively a party based on its officers' alleged actions. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding a claim against a state or municipal official in his official capacity is treated as a claim against the entity itself). However, a "municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). "Because section 1983 was not designed to impose municipal liability under the doctrine of respondeat superior, the 'official policy' requirement was 'intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby to make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Riddick v. School Bd. of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). "To state a cause of action against a municipality, a section 1983 plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." *Pettitford v. City of Greensboro*, 556 F. Supp. 2d 512, 530 (M.D.N.C. 2008).

Here, Plaintiff's Amended Complaint lacks any mention of a policy or custom of the FCDC. (*See* Docket Entry 18.) "[F]ailure to allege an official custom or policy alone provides

6

a sufficient basis to grant a motion to dismiss [or a motion for judgment on the pleadings]." *Roseboro v. Winston-Salem/Forsyth Cty. School Bd. of Educ.*, No. 1:14-CV-455, 2014 WL 5304981, at * 4 (M.D.N.C. Oct. 15, 2014) (citing to *Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (affirming dismissal of a complaint where the plaintiffs failed to allege a policy or custom of the defendant county in a Section 1983 claim)). Furthermore, Plaintiff fails to demonstrate that his alleged injuries—excessive force, refused medical treatment, and theft of his mail—are attributable to the FCDC. Moreover, Plaintiff has failed to establish any causal connection between the alleged injuries and a FCDC policy or custom. *Walker*, 575 F.3d at 431 (citation omitted). Therefore, Plaintiff's official capacity claims against Defendants Pendolino, Ferguson, and Cappolla should be dismissed. *See Marshall v. Greensboro Police Sgt. Ryan 4th Precinct*, No. 1:18-CV-709, 2019 WL 3937062, at *2 (M.D.N.C. July 26, 2019) (recommending that defendants' motion to dismiss be granted as to plaintiff's official capacity claims against defendants).

### Individual Capacity Claims

Regarding their individual capacity, Defendants Pendolino, Ferguson, and Cappolla also argue in their Motion that

> Plaintiff's complaint has not factually illuminated how any of these three named Defendants personally acted to violate his constitutional rights. Plaintiff relates what happened to him in his Complaint and in his amended Complaint, but never does he say who did what in either document.

(*Id.* at 4 (internal citations omitted).)

"To establish individual liability under § 1983, a plaintiff must affirmatively show that the 'official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Hill*,

7

No. 1:03-CV-109, 2004 WL 161859, at *4 (M.D.N.C. July 16, 2004) (citing *Wrights v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)).

While Plaintiff's Amended Complaint includes details of the alleged injury of excess force, the Amended Complaint is "often vague as to who took what action." *Maisha v. University of North Carolina*, No. 1:12-CV-371, 2013 WL 1232947, at *6 (M.D.N.C. Mar. 27, 2013) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is particularly important [where defendants include a government agency and a number of government actors sued in their individual capacities] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state." *Robbins*, 519 F.3d at 1250; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 n.10 (2007); *Bryant v. Wells Fargo Bank*, No. 5:10-CV-00237-D, 2012 WL 642524, at *3 (E.D.N.C. Jan. 5, 2012). For example, Plaintiff's Amended Complaint alleges that

> Six or more officers attempted to kill me with a deadly pressure point while I was in full restraints after I hit Officer Johns in the face while in full shackles. They took turns applying pressure to the pressure point . . . While the rest of them repeated how they need to go ahead and kill me they twisted my ankles and wrists . . .

(Docket Entry 18 at ¶ IV.) Of note, Plaintiff uses vague third-person plural subjects, such as "they" and "them," rather than identifying the specific Defendants who were allegedly involved in the excessive force incident. In describing the facts regarding his other injuries, Plaintiff is also similarly vague with respect to which Defendant or Defendants were personally involved. For example, Plaintiff alleges

8

> I was refused medical treatment for an STD acquired before I was arrested. They also stole a package with checks and negotiable instruments from the U.S. Treasury . . .

(Docket Entry 18 at ¶ IV.) Plaintiff fails to identify by name which Defendant or Defendants—out of a total of nine Defendants—were present for the commission of each alleged injury. Additionally, Plaintiff fails to identify how those Defendants were personally involved in each alleged injury.

Moreover, Plaintiff fails to respond to Defendants' arguments in his response to Defendants' Motion for Judgment on the Pleadings.[5] In his response, Plaintiff "request[s] an extension [sic] of time to respond fully to Defendants['] motion . . . until this Court grants the injunction forcing Maury Prison to send the Plaintiff all (9) bags of legal material" that Plaintiff compiled and consulted while at Maury Prison.[6] (Docket Entry 69 at 1.) Plaintiff also provides a "Partial Answer" to Defendants' motion, which recites the damages to which Plaintiff alleges he is entitled. However, Plaintiff neither addresses whether Defendants acted pursuant to an official policy or custom nor specifies the personal involvement of Defendants Pendolino, Ferguson, and Cappolla in the alleged constitutional violations.

Plaintiff *does* specifically name and describe the personal actions of Defendants Pendolino, Ferguson, and Cappolla in his "Cross Motion for Summary Judgment," discussed below, which this Court will treat as an opposition brief to Defendants' Motion for Judgment on the Pleadings. (Docket Entry 81.) Specifically, Plaintiff alleges in this Motion that

---

[5] Plaintiff's reply is labelled "Response to Defendants['] Motion for Summary Judgment," but this Court recognizes that Plaintiff's reply is in response to Defendants' Motion for Judgment on the Pleadings.
[6] As discussed herein, Plaintiff did receive his legal materials.

9

> Officer Pendolino was one of the officers who [sic] attempted to kill [Plaintiff] with the deadly pressure point which was used on him pre-trial in June, 2014. Officer Cappolla was one of the officers elbowing and punching [Plaintiff] during the same assault. Officer Pendolino also was twisting Plaintiff[']s neck forcefully to hold Plaintiff[']s head in the correct position to allow another officer to take his place applying the exact same pressure point. . . . Classification Officer Ferguson denied Plaintiff on every instance he requested, even begged for a toll free phone call[,] any access whatsoever to any telephone.

(Docket Entry 81 at 2-3.) Plaintiff filed his "Cross Motion for Summary Judgment" on May 6, 2019, well after the December 3, 2018 deadline to amend his complaint.[7]

More importantly, in ruling on a Motion for Judgment on the Pleadings, the Court may not look beyond the Amended Complaint and Defendants' Answer.[8] Because Plaintiff has failed to adequately articulate the specific allegations against Defendants Pendolino, Ferguson, and Cappolla in his Amended Complaint, the Court recommends dismissing Plaintiff's claims as to Defendants Pendolino, Ferguson, and Cappolla in their individual capacities. *See Maisha*, 2013 WL 1232947, at *6 (granting motion to dismiss as to defendants in their individual capacities).

### B. Plaintiff's "Cross Motion for Summary Judgment"

Plaintiff also filed a "Cross Motion for Summary Judgment" (Docket Entry 81), which the Court has construed as an opposition brief to Defendants' Motion for Judgment on the

---

[7] This Court ordered on October 3, 2018 that "parties have until December 3, 2018, to seek leave of court to amend the pleadings or to add parties." (Docket Entry 30 at 1.)

[8] In their Answer to Plaintiff's Amended Complaint, Defendants raise arguments similar to those raised in their Motion for Judgment on the Pleadings. For example, the Answers state: "Plaintiff has failed to name, associate, or otherwise factually illuminate how any of the legally served and properly identified named defendants were personally involved with [sic] the particular acts for which he complains [sic]. . . . Without such personal involvement, the defendants cannot be held liable to the plaintiff under § 1983." (Docket Entries 26 and 27 at 6.)

10

Pleadings (Docket Entry 55). Alternatively, to the extent Plaintiff's motion may be viewed as a motion for summary judgment, for the reasons discussed above, Plaintiff has failed to allege in his Amended Complaint sufficient allegations against Defendants Pendolino, Ferguson, and Cappolla in either their official capacity or their individual capacity. Since Plaintiff has failed to allege sufficient allegations to withstand a motion to dismiss, Plaintiff's Cross Motion for Summary Judgment should be denied as moot.

### C. Motion for Injunction and Action for Replevin

Plaintiff seeks an "emergency injunction."[9] (Docket Entry 63 at 1.) Moreover, Plaintiff seeks an action of replevin so that Maury Prison will deliver Plaintiff's "belongings contained in the 9 bags of property," which remained at Maury Prison after Plaintiff was transferred to Eastern Correction Center in March 2019. (*Id.* at 2.) Defendants Pendolino, Ferguson, and Cappolla responded to Plaintiff's motion, requesting that this "Court dismiss Plaintiff's motion, as pertains to the Sheriff's Office defendants herein." (Docket Entry 64 at 2.)

Here, however, this Court need not analyze Plaintiff's claim under the standard for preliminary injunctions because Plaintiff's claim for the return of his legal materials from Maury Prison is now moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Here, Plaintiff received his requested relief—the return of his legal materials from Maury Prison—on April 18, 2019. Plaintiff, in his "Cross Motion for Summary Judgment," which was filed on May 6, 2019, admits: "Maury Prison, my previous camp,

---

[9] The Court will analyze Plaintiff's "Motion for Injunction" under the standard applied to Motions for Preliminary Injunctions based upon Plaintiff's request for emergency relief.

refused to allow me to ship with my legal supplies. I wasn't given the supplies at the new camp until 4/18/19 at around 11:00 P.M." (Docket Entry 81 at 1.) Therefore, Plaintiff has received his legal materials; he no longer has a legally cognizable interest in this Court's ordering Maury Prison to return Plaintiff's legal materials. Accordingly, the Court recommends that Plaintiff's motion for preliminary injunction be denied as it is now moot.

### D. Rule 4(m) Motion to Dismiss

Defendants Nurse Swallie and Dr. Rhoades move to dismiss, pursuant to Rule 4(m), on the ground that Plaintiff has failed to timely serve them. (Docket Entry 77.) After Plaintiff filed his Amended Complaint in July 2018 (Docket Entry 18), summonses were issued to Nurse Swallie and Dr. Rhoades but were return unexecuted. (Docket Entry 29.) This Court subsequently issued an Order directing that summonses for service upon Defendants Nurse Swallie and Dr. Rhoades be reissued. (Docket Entry 56.) On April 3, 2019, the summonses to Nurse Swallie and Dr. Rhoades were docketed as executed. (Docket Entry 66.)

Defendants Nurse Swallie and Dr. Rhoades raise two arguments. First, Defendants contend that service was ineffective under Rule 4(e) because the summonses for Nurse Swallie and Dr. Rhoades were delivered to Defendants' "employer's registered agent which has no authority to accept service for individual employees." (Docket Entry 79 at 4.) Second, Defendants contend that Plaintiff's claims must be dismissed for failure to timely serve under Rule 4(m). (*Id.* at 4-5.)

"A motion to dismiss to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (citations omitted). Once the sufficiency of

12

service of process is challenged, the burden is on the plaintiff to establish that service of process has been completed in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. *Id.* (citation omitted). The Fourth Circuit has previously stated:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Additionally, "courts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (unpublished).

Rule 4(m) of the Federal Rules of Civil Procedure requires extension of the 90-day service period only when the plaintiff can show good cause for his failure to serve. Fed. R. Civ. P. 4(m); *Scott v. Maryland State Dep't of Labor*, 673 Fed. App'x 299, 306 (4th Cir. 2016). Factors used to determine if there was good cause include whether: "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Scott*, 673 Fed. App'x at 306.

The manner in which a defendant may be served is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) allows a Defendant to be served in accordance with state law, by delivering a summons to the individual personally, leaving a copy at the defendant's

13

dwelling with a competent resident therein, or by delivering a copy to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e). N.C. Gen. Stat. § 1A-1, Rule 4(j) sets out the manner in which service upon a natural person may be made in the state of North Carolina. "Service of process cannot be effected upon Defendant by serving at his place of employment to individuals who are not authorized to accept service of process." *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003). Even where there is a technical defect in service, "dismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." *McCreary v. Vaughan-Bassett Furniture Co.*, 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (citation omitted). The Court has discretion to dismiss the action or to quash service and allow more time for service of process. *Thomas*, 2013 WL 593419, at *1.

First, Defendants argue that Plaintiff did not effect service on the individual Defendants because (1) "Defendants never gave a registered agent the authority to accept service on their behalf" and (2) "neither Nurse Swallie nor Dr. Rhoades actually worked for Wellpath, LLC [the employer to which service as delivered] on April 1, 2019." (Docket Entry 79 at 4.)

The record reflects that two summonses were reissued as to Nurse Swallie and two summonses were reissued as to Dr. Rhoades on March 27, 2019.[10] (Docket Entry 58.) On April 3, 2019, service of the summons and the amended complaint to Nurse Swallie and Dr. Rhoades were docketed as executed. (Docket Entry 66.) According to the certified mail return

---

[10] Both summonses to Nurse Swallie and Dr. Rhoades were for the same two addresses: Correct Care Solutions in Nashville and Correct Care Solutions in Charlotte. (Docket Entry 58.)

receipts, the summonses were signed for at Correct Care Solutions in Charlotte. (*Id.*) Defendants contend that process was served on the registered agent for Wellpath, LLC[11] and that Nurse Swallie and Dr. Rhoades neither worked for Wellpath, LLC on the date of service nor gave the registered agent authority to accept service on their behalf. (Docket Entry 79 at 4.)

After review of the evidence, the Court concludes that Plaintiff has not met his burden to establish that service of process has been completed in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. Acceptance of service by an unauthorized individual at Defendant's place of employment is not an acceptable means of service. However, Defendants received actual notice, and there is no indication that they would be prejudiced by a liberal construction of Rule 4(m). *See Thomas*, 2013 WL 593419 at *1 (finding no prejudice in allowing the plaintiff an opportunity to cure service). Dismissal for insufficient service of process is, therefore, inappropriate.

Defendants also argue that Plaintiff's complaint against them should be dismissed, pursuant to Rule 4(m). (Docket Entry 79 at 4.) Specifically, Defendants note that, since Plaintiff filed his original complaint, "the Court has warned Plaintiff at least twice to make timely service . . . [and] [w]hile the Court has exercised its discretion to afford Plaintiff extra time, nine months have passed since the Court ordered [Plaintiff] to serve the Defendants." (Docket Entry 79 at 5 (citing Docket Entries 14 and 49).)

---

[11] According to Defendants' Motion, Defendants worked for Correct Care Solutions during the period of Plaintiff's allegations but did not work for Correct Care Solutions, which was merged or converted into Wellpath, LLC on February 15, 2019, when the process was served on April 1, 2019. (Docket Entry 79 at 4.)

15

However, the Court finds good cause for Plaintiff to have missed the deadline. First, the delay in service was outside of Plaintiff's control because he is incarcerated and could only provide service of process using the limited information provided to him. Plaintiff has also acted diligently and made reasonable efforts by following the process of service instructions he was furnished and included as many details about Defendants' locations as he had in his knowledge. Plaintiff is proceeding in this action pro se, and, while this fact does not excuse Plaintiff from compliance with the Federal Rules of Civil Procedure, leniency is warranted where Plaintiff has made diligent efforts to effect service. Finally, Defendants will not be prejudiced by an extension of time since they received actual notice of the action and were able to retain counsel. *See Scott*, 673 Fed. App'x at 306. Therefore, this Court should allow more time for Plaintiff to perfect service as to Defendants Nurse Swallie and Dr. Rhoades and should deny Defendants' Motion to Dismiss pursuant to Rule 4(m).

### E. Rule 4 Motion to Compel Service

Plaintiff also requests that the Court compel service on Defendant Johns. (Docket Entry 85 at 1.) During the latest attempt to serve Defendant Johns, the U.S. Marshal noted that Defendant Johns no longer works for the Forsyth County Sheriff's Office. (Docket Entry 60 at 3.) The Court will again seek the assistance of the Forsyth County Attorney's Office in obtaining a last known address for Defendant Johns. (*See* Docket Entry 56.) However, Plaintiff is warned that this shall be the Court's final request for the assistance of the Forsyth County Attorney's Office in obtaining service of any Defendant. The Court will not engage in any further service of process inquiries.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendants Pendolino, Ferguson, and Cappolla's Motion for Judgment on the Pleadings (Docket Entry 52) be **GRANTED** and this action be dismissed as to Defendants Pendolino, Ferguson, and Cappolla.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Injunction and Action for Replevin (Docket Entry 63) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendants Dr. Rhoades and Nurse Swallie's Motion to Dismiss Pursuant to Rule 4(m) (Docket Entry 77) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Cross Motion for Summary Judgment (Docket Entry 81) be construed as a response in opposition to Defendants Pendolino, Ferguson, and Cappolla's Motion for Judgment on the Pleadings. Alternatively, Plaintiff's Cross Motion for Summary Judgment should be denied as moot.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Service Pursuant to Rule 4 (Docket Entry 85) be **GRANTED** to the following extent: the Forsyth County Attorney's Office shall make a good faith effort to obtain the last known address of the unserved Defendant Matthew Theodore Johns and, if able, to file that information, **under seal**, with the Court for service of process purposes only. To the extent the information requested is not obtained, counsel should file a statement under seal with the Court explaining counsel's efforts to locate the information. Counsel for Forsyth County Attorney's Office may also elect to accept service of process on behalf of the unserved Defendant Matthew Theodore

17

Johns, or the unserved Defendant Matthew Theodore Johns himself may waive service of process.[12]

$\overline{\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad}$
Joe L. Webster
United States Magistrate Judge

November 6, 2019
Durham, North Carolina

---

[12] If a last known address is obtained for Defendant Johns, the Clerk shall issue a summons for said Defendant (in redacted form) and the U.S. Marshal shall attempt service upon said Defendant.